**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyrel Rashone Collins, Appellant.

Appellate Case No. 2014-000216

_____

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-034
Submitted December 1, 2015 – Filed January 20, 2016

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown,  all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

_____

**PER CURIAM:** Tyrel Rashone Collins appeals his conviction for murder and possession of a firearm during the commission of a violent crime, arguing (1) the trial court erred in limiting the introduction of evidence of the victim's reputation for violence in the community because the evidence was necessary to Collins's presentation of a complete defense and because the prosecutor opened the door to such evidence during his opening statement and (2) Collins's second trial was barred by double jeopardy because the grant of a mistrial during his opening statement at the first trial was not dictated by manifest necessity or the ends of public justice. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in limiting the introduction of evidence of the victim's reputation for violence in the community: *State v. Saltz*, 346 S.C. 114, 127, 551 S.E.2d 240, 247 (2001) ("The trial court is given broad discretion in ruling on questions concerning the relevancy of evidence, and its decision will be reversed only if there is a clear abuse of discretion."); Rule 402, SCRE ("Evidence which is not relevant is not admissible."); *State v. Cope*, 405 S.C. 317, 341, 748 S.E.2d 194, 206 (2013) ("[E]vidence of third-party guilt that only tends to raise a conjectural inference that [a] third party, rather than the defendant, committed the crime should be excluded.").

2. As to whether Collins's second trial was barred by double jeopardy because a mistrial was improvidently granted in the first trial: *State v. Coleman*, 365 S.C. 258, 263, 616 S.E.2d 444, 446 (Ct. App. 2005) ("Under the law of double jeopardy, a defendant may not be prosecuted for the same offense after an acquittal, a conviction, or an improvidently granted mistrial."); *State v. Baum*, 355 S.C. 209, 214, 584 S.E.2d 419, 422 (Ct. App. 2003) ("Generally, jeopardy attaches when the jury is sworn and impaneled, unless the defendant consents to the jury's discharge before it reaches a verdict or legal necessity mandates the jury's discharge."); *State v. Cooper*, 334 S.C. 540, 551, 514 S.E.2d 584, 590 (1999) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion amounting to an error of law occurs."); *Arizona v. Washington*, 434 U.S. 497, 511 (1978) ("[T]he overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**SHORT, THOMAS, and GEATHERS, JJ., concur.**